O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **GLENN DAVID O'NEAL,** | ) | NO. EDCV 09-2101-DDP (MAN) |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND ORDER DISMISSING |
| | ) | |
| v. | ) | COMPLAINT WITH LEAVE TO AMEND |
| | ) | |
| **CALIFORNIA DEPARTMENT OF** | ) | |
| **CORRECTIONS, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, on November 17, 2009 ("Complaint").[1]

Congress has mandated that courts perform an initial screening of civil actions brought by prisoners with respect to prison conditions and/or that seek redress from a governmental entity or officer or employee of a governmental entity. This Court "shall" dismiss such a civil action brought by a prisoner before service of process if the

---

[1] The Court notes that plaintiff signed the Complaint as "Glenn." Plaintiff's signature on his pleadings and other papers in this action should include his last name.

1  Court concludes that the complaint is frivolous, malicious, fails to
2  state a claim upon which relief may be granted, or seeks relief against
3  a defendant who is immune from suit.  28 U.S.C. § 1915A(b); 42 U.S.C.
4  § 1997e(c)(1).  In screening such a complaint, the Court must construe
5  the allegations of the complaint liberally and must afford the plaintiff
6  the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dep't,
7  839 F.2d 621, 623 (9th Cir. 1988).  A *pro se* litigant must be given
8  leave to amend his or her complaint unless it is absolutely clear that
9  the deficiencies of the complaint cannot be cured by amendment.  *Id.*;
10 Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff is currently detained at the West Valley Detention Center ("WVDC") in Rancho Cucamonga.  (Complaint at 1.)  His claims in this action arise out of his incarceration at the California Institution for Men ("CIM") in Chino.[2]  (*Id.* at 1.)  Defendants in this action are CIM, CIM Warden Aref Fakhoury, and the California Department of Corrections and Rehabilitation ("CDCR").[3]  (*Id.* at 2.)

Plaintiff alleges that he arrived at CIM on May 21, 2009, and remained there until May 26, 2009.  (Complaint at 3.)  Due to lack of bed space, plaintiff had to sleep on the floor, without a mattress, in the hallway of a holding tank.  He did not have access to drinking water

---

[2]  Plaintiff erroneously refers to CIM as the "Chino Institution for Men."

[3]  Plaintiff refers to the CDCR as the "California Department of Corrections," its previous name.

2

and suffered from thirst. On several occasions he was obliged to urinate on the floor near his sleeping quarters, because there was no restroom. It was cold at night, because the nearby door to the loading dock was left open all night. There was a stench from the garbage cans outside, and insects crawled over him. Plaintiff did not receive his prescribed blood pressure medication, causing him to feel dizzy and light-headed. He did not receive a shower during his five-day stay in the holding tank, and he was denied access to hygienic supplies, grievance forms, and envelopes. (*Id.*)

Plaintiff contends that these conditions violated his Eighth Amendment right to be free from cruel and unusual punishment and his right to due process.[4] (Complaint at 3.) He seeks damages and an injunction preventing defendants "from continuing to accept inmates while lacking proper bed space" and directing his release from jail in his pending criminal proceedings "if law permits for such a violation." (*Id.* at 7.)

///
///
///
///

---

[4] Because plaintiff was housed at CIM and has provided the Court with a CDC number, the Court assumes that he was a convicted prisoner when his claims arose. If so, plaintiff's conditions of confinement claims arise under the Eighth Amendment. *See* Ingraham v. Wright, 430 U.S. 651, 671 n.40, 97 S. Ct. 1401, 1412 n.40 (1977). If plaintiff was not a convicted prisoner during his five-day stay at CIM, his conditions of confinement claims arise under the Due Process Clause. Bell v. Wolfish, 441 U.S. 520, 535 n.16, 99 S. Ct. 1861, 1872 n.16 (1979); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

**DISCUSSION**

**I.   PLAINTIFF's CLAIM FOR INJUNCTIVE RELIEF IS MOOT.**

Plaintiff seeks injunctive relief directing defendants to cease accepting inmates at CIM in the absence of available bed-space. (Complaint at 7.)

Where injunctive relief is involved, questions of mootness are determined in the light of the present circumstances. Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996). A claim for injunctive relief against prison authorities becomes moot when the prisoner is transferred to another prison, and there is no reasonable expectation that he will return and again be subjected to the same conditions. *Id.* at 527-28; Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986).

Plaintiff is no longer confined at CIM. (Complaint at 1.) He provides no basis for assuming that he will be transferred back to CIM and subjected to the same conditions. He has no standing to seek the requested relief on behalf of inmates other than himself. Russell v. United States, 308 F.2d 78, 78 (9th cir. 1962)("A litigant appearing in propria persona has no authority to represent anyone other than himself"). His claim for injunctive relief, therefore, is moot.[5]

---

[5] Plaintiff also seeks release from jail in connection with his pending criminal proceedings. This is not relief obtainable through this action. Moreover, there is no connection between plaintiff's claims, which challenge the conditions of confinement at CIM, and his pending criminal proceeding.

4

**II. PLAINTIFF CANNOT STATE A CLAIM AGAINST CIM OR THE CDCR.**

Plaintiff has named CIM and the CDCR as defendants in this action. (Complaint at 2.)

The Eleventh Amendment prohibits federal jurisdiction over claims against a state and its agencies unless the state consents to suit. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1984). The Ninth Circuit has explained: "In the absence of a waiver by the state or a valid congressional override, under the [E]leventh [A]mendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999)(*internal quotation marks and citation omitted*).

The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under Section 1983 in federal court, and the Supreme Court has held that Section 1983 was not intended to abrogate a State's Eleventh Amendment immunity. Dittman, 191 F.3d at 1025-26. The CDCR is an agency of the State of California and thus is entitled to Eleventh Amendment immunity. Brown v. California Dept. of Corrections, 554 F.3d 747, 751 (9th Cir. 2009)(CDCR entitled to Eleventh Amendment immunity). CIM also is entitled to Eleventh Amendment immunity because it is part of the CDCR.

Accordingly, plaintiff's claims against the CIM and the CDCR must be dismissed.

## III. **PLAINTIFF FAILS TO STATE AN INDIVIDUAL OR OFFICIAL CAPACITY CLAIM AGAINST WARDEN FAKHOURY.**

Plaintiff has sued Warden Fakhoury in his individual and official capacities. (Complaint at 2.)

### A. Individual Capacity

An Eighth Amendment claim challenging conditions of confinement must satisfy both objective and subjective criteria. Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 2324 (1991). First, the deprivation must be sufficiently serious to implicate the Constitution. *Id.* The conditions of a prisoner's confinement amount to cruel and unusual punishment only if he has been deprived of the "minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981). Second, prison officials are liable for the deprivation only if they acted with deliberate indifference to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct, 1970, 1974 (1994).

Assuming, *arguendo*, that plaintiff's allegations are sufficient to satisfy the objective prong for an Eighth Amendment violation at this preliminary stage,[6] he nevertheless has not alleged deliberate indifference on the part of Warden Fakhoury. Plaintiff does not allege that Warden Fakhoury was aware of the conditions under which plaintiff

---

[6] The Court notes, however, that plaintiff cannot allege an Eighth Amendment claim based on the failure to provide him with envelopes or grievance forms.

1  was housed, or that Warden Fakhoury had any involvement in plaintiff's
2  medical care.  *See* Townsend v. Fuchs, 522 F.3d 765, 775 (7th Cir. 2008)
3  (affirming the denial of leave to add a warden as a defendant when the
4  complaint lacked the necessary indication that the warden caused or knew
5  about the living conditions of an inmate who slept on a moldy mattress
6  on the floor during temporary overcrowding in administrative
7  segregation).  Nor does plaintiff allege that the alleged deprivations
8  were the result of policies instituted by Warden Fakhoury.  On the
9  contrary, plaintiff suggests that he was housed in the hallway of the
10 holding tank because CIM did not have enough bed-space for all inmates.
11 (See Complaint at 3.)  This allegation, without more, is insufficient
12 to impose liability for damages on Warden Fakhoury.  *See* Latimer v.
13 Kolender, 2008 WL 2326305, *5 (S.D. Cal., June 3, 2008)(dismissing claim
14 against sheriff and county when plaintiff alleged that they maintained
15 overcrowded conditions in jail, which caused him to be deprived of
16 adequate medical care; "[g]eneralized conclusory allegations of
17 overcrowding and budget constraints are insufficient to state a claim").

19    "Liability under Section 1983 arises only upon a showing of
20 personal participation by the defendant.  A supervisor is only liable
21 for constitutional violations of his subordinates if the supervisor
22 participated in or directed the violations, or knew of the violations
23 and failed to act to prevent them.  There is no *respondeat superior*
24 liability under Section 1983."  Taylor v. List, 880 F.2d 1040, 1045 (9th
25 Cir. 1989)(*internal citations omitted*).  Here, plaintiff's allegations
26 amount to nothing more than an impermissible attempt to hold Warden
27 Fakhoury liable under a *respondeat superior* theory.

Accordingly, plaintiff's individual capacity claim against Warden Fakhoury must be dismissed.

### B.     **Official Capacity**

As discussed above, plaintiff's individual capacity claim against Warden Fakhoury is substantively deficient.  In addition, plaintiff cannot state a claim against Warden Fakhoury in his official capacity. Official capacity claims against state officials are merely another way of pleading a claim against the state itself.  *See* Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself.")(*internal citation omitted*).  Thus, "[t]he Eleventh Amendment bars actions for damages against state officials who are sued in their official capacities in federal court."  Dittman, 191 F.3d at 1026 ().

The Eleventh Amendment does not bar official capacity claims against state officials for prospective injunctive relief to end a continuing violation of federal law.  Ex parte Young, 209 U.S. 123, 28 S. Ct. 441 (1908); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). Plaintiff's injunctive relief claim against Warden Fakhoury, however, has been mooted by plaintiff's transfer.  Plaintiff is no longer at CIM, and he does not have standing to seek injunctive relief on behalf of inmates who are or may be incarcerated at CIM.

Accordingly, even if plaintiff is able to allege an individual capacity claim against Warden Fakhoury in his amended complaint, plaintiff cannot allege an official capacity claim. Thus, plaintiff's official capacity claim against the Warden must be dismissed.

**CONCLUSION**

For the foregoing reasons, the Complaint is dismissed with leave to amend. If plaintiff wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a First Amended Complaint that attempts to cure the defects in the First Amended Complaint described herein. The First Amended Complaint, if any, shall be complete in itself. It shall not refer in any manner to the original Complaint.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described herein, may result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).**

DATED: January 19, 2010

_Margaret A. Nagle_
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE